Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000347
21-JUN-2013
08:26 AM

NO. CAAP-11-0000347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JULIE PHOMPHITHACK, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 05-1-1387)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Julie Phomphithack ("Phomphithack") appeals from the Order Granting State's Motion for Reimbursement of Extradition Costs ("Order"), entered on March 29, 2011, in the First Circuit Court ("Circuit Court")[1], in which the Circuit Court directed that "Phomphithack shall reimburse the State of Hawaii for extradition costs in the amount of $2,329.97."

On appeal, Phomphithack contends that the Circuit Court erred in entering the Order because (1) she is not a "nonindigent defendant" under Hawaii Revised Statutes ("HRS") § 621-9(b),[2]

---

[1]    The Honorable Steven S. Alm presided.

[2]        Whenever the presence of a defendant in a criminal case or in a proceeding under chapter 704 or a petitioner in a post conviction proceeding who is outside the judicial circuit is mandated by court order or bench warrant to appear, the costs of airfare, ground transportation, any per diem for both the defendant or petitioner and sufficient law enforcement officers to effect the defendant's or petitioner's return, shall be borne by the State. . . .  The court may order the nonindigent defendant or petitioner who was returned to the State of Hawaii to reimburse the State for the costs of such extradition or return as specifically described above.

HAW. REV. STAT. § 621-9(b) (1993).

and (2) the imposition of extradition reimbursement costs violated the double jeopardy clause of article I, section 10 of the Hawaiʻi State Constitution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Phomphithack's points of error as follows:

(1) Phomphithack argues that because she was previously determined by the Circuit Court to be indigent for the purposes of receiving court-appointed counsel, she is also indigent for purposes of assessing costs associated with her extradition from Nevada.

A determination of indigency under HRS § 802-4[3/] to satisfy the constitutional imperative of state-provided counsel for a defendant charged with a crime who can not herself afford counsel, however, is a different inquiry from one made pursuant to HRS § 621-9. The determinations are related, but independent, and are left to the discretion of the trial court. *See McFatridge v. State*, 309 S.W.3d 1, 5 (Tex. Crim. App. 2010) (comparing indigency for purposes of appointing counsel and indigency for purposes of obtaining a free record); *Meeker v. State*, 395 N.E.2d 301, 307 n.5 (Ind. Ct. App. 1979) ("The finding of [a defendant's] indigency for the purpose of appointing defense counsel" is not determinative of his "ability to pay court costs and fines[.]").

A lower court's decision to deny a defendant *in forma pauperis* status is reviewed under an abuse of discretion standard. *Blaisdell v. Dep't of Pub. Safety*, 113 Hawaiʻi 315,

_____

[3/]       **Determination of indigency.** Unless otherwise ordered by the court, the determination of indigency shall be made by a public defender, subject to review by the court. Such determination shall be based upon an appropriate inquiry into the financial circumstances of the person seeking legal representation and an affidavit or a certificate signed by such person demonstrating the person's financial inability to obtain legal counsel. A person shall waive the person's right to counsel by refusing to furnish any information pertinent to the determination of indigency.

Haw. Rev. Stat. § 802-4 (1993).

319, 151 P.3d 796, 800 (2007). We apply the same standard to our review of the Circuit Court's determination of nonindigency under HRS § 621-9. An abuse of discretion "is apparent when a trial court's discretion clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." *Kimura v. Kamalo*, 106 Hawai'i 501, 507, 107 P.3d 430, 436 (2005) (quoting *Sugarman v. Kapu*, 104 Hawai'i 119, 125, 85 P.3d 644, 649 (2004)) (internal quotation marks omitted).

Indigency is not defined by statute, although the Hawai'i Supreme Court has determined factors that can be weighed when determining eligibility for a court-appointed lawyer. *State v. Mickle*, 56 Haw. 23, 27, 525 P.2d 1108, 1111 (1974). The fact that the Circuit Court determined indigency for purposes of court-appointed counsel under HRS § 802-4, though, does not resolve the issue of indigency for purposes of a subsequent assessment of extradition costs under HRS § 621-9. Phomphithack's argument that it does ignores the fact that (i) the first determination is made upon the recommendation of the public defender while the second is not, (ii) the second determination was made more than five years after the first and only after Phomphithack had been sentenced to a term in prison, (iii) Phomphithack was reported by her counsel to have been "living with her parents" and having "maintained gainful employment" in Las Vegas before her arrest, and (iv) a prior determination of indigency is not reflective of a permanent condition. The Circuit Court's ruling on the issue reflects that it relied upon the potential that Phomphithack could earn money in prison. This, however, is an insufficient basis on which to find that Phomphithack was nonindigent. *See Blaisdell*, 113 Hawai'i at 319, 151 P.3d at 800 (concluding that trial court erred in denying *in forma pauperis* status regarding filing fees of $275 to petitioner confined in prison, with $15.25 in his prison account, earning $40 per month, and without other income).

In addition, insofar as the Circuit Court treats the extradition costs like restitution, which is properly imposed

3

without considering the ability to pay, HRS § 706-605(7)[4/] requires the court to consider the ability to pay in establishing the time and manner of payment. *See State v. Gaylord*, 78 Hawai'i 127, 153, 890 P.2d 1167, 1193 (1995) (requiring the sentencing court to enter into the record findings that the manner of payment of restitution is reasonable and one that the defendant could afford).

(2) Phomphithack contends that the Order violates the prohibition against multiple punishments under the double jeopardy clause of article I, section 10 of the Hawai'i State Constitution. We disagree.

The Hawai'i Supreme Court has adopted the United States Supreme Court's two-part test to determine whether a particular sanction constitutes a "separate punishment" that violates the double jeopardy clause. *State v. Tuipuapua*, 83 Hawai'i 141, 151, 925 P.2d 311, 321 (1996) (citing *United States v. Ursery*, 518 U.S. 267 (1996)). Applying the first prong of the test, and reviewing the legislative history of the statute in question, we conclude that the Hawai'i Legislature intended HRS § 621-9 to be "civil" in nature. *See* H. Stand. Comm. Rep. No. 1597-88, in 1988 House Journal, at 1394.

Under the second prong, we next apply the seven-factor analysis adopted by the Hawai'i Supreme Court in *State v. Guidry*, 105 Hawai'i 222, 235-36, 96 P.3d 242, 255-56 (2004), and conclude that HRS § 621-9 is not "so punitive in form and effect as to render [it] criminal despite [the Legislature's] intent to the contrary." *Hudson v. United States*, 522 U.S. 93, 104 (1997) (quoting *Ursery*, 518 U.S. at 290) (internal quotation marks omitted).

---

[4/]    (7) The court shall order the defendant to make restitution for losses as provided in section 706-646. In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.

HAW. REV. STAT. § 706-605(7) (Supp. 2012).

It is required that the "party challenging the statute . . . provide 'the clearest proof' that the statutory scheme is so punitive either in purpose or effect as to negate the State's nonpunitive intent." *Guidry*, 105 Hawai'i at 236, 96 P.3d at 256 (quoting *Russell v. Gregoire*, 124 F.3d 1079, 1087 (9th Cir. 1997)). Phomphithack here fails to provide the requisite "clearest proof" that the imposition of extradition costs is sufficiently punitive in its form or effect that it outweighs its remedial effect. Therefore, the imposition of extradition costs is not "punishment" for double jeopardy purposes.

Therefore, for the reasons expressed above, we vacate the March 29, 2011 Order Granting State's Motion for Reimbursement of Extradition Costs. On remand, the Circuit Court is instructed to provide specific findings to support its decision.

DATED: Honolulu, Hawai'i, June 21, 2013.

On the briefs:

Bronson Avila,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge